963 F.2d 1481
 VALINDA F. OLADEINDE, PATRICIA L. FIELDS,
Plaintiffs-Counterclaim Defendants-Appellees,
v.
CITY OF BIRMINGHAM, a municipal corporation, Richard
Arrington, individually and in his capacity as Mayor of the
City of Birmingham, Arthur Deutsch, individually and in his
capacity as Chief of Police of the City of Birmingham,
Julius Walker, individually and in his capacity as
Provisional Captain of Administrative Vice-Narcotics
Division, R.L. Webb, individually and in his capacity as
Provisional Captain of Internal Affairs Division,
Defendants-Counterclaim Plaintiffs-Appellants,
David Barber, Roger Brown, United States of America, State
of Alabama, Movants.
 No. 91-7518.
 United States Court of Appeals,
Eleventh Circuit.
 June 24, 1992.
 
 Kenneth L. Thomas, Thomas, Means & Gillis, Birmingham, Ala., for Walker.
 Joe R. Whatley, Jr., Samuel H. Heldman, Cooper, Mitch, Crawford, Kuykendall & Whatley; and Donald V. Watkins, Birmingham, Ala., for all other defendants.
 William M. Dawson, Jr., and Gayle H. Gear, Dawson, Ramsey & Wiley, Birmingham, Ala., for appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before EDMONDSON and COX, Circuit Judges, and MERHIGE*, Senior District Judge.
 EDMONDSON, Circuit Judge:
 
 
 1
 Defendants, sued under 42 U.S.C. § 1983, appeal the district court's order denying their motion to dismiss based, among other things, on qualified immunity. We reverse in part and affirm in part.
 
 BACKGROUND
 
 2
 Plaintiffs, Valinda F. Oladeinde and Patricia L. Fields, are Birmingham Police Department officers who filed a section 1983 action against the City of Birmingham, Birmingham Mayor Richard Arrington, Birmingham Police Chief Arthur Deutsch, Provisional Captain Julius Walker of the Vice-Narcotics Division of the Birmingham Police Department and Provisional Captain R.L. Webb of the Department's Internal Affairs Division. (Excluding the City, defendants were sued in their official and individual capacity.) Plaintiffs alleged that defendants violated plaintiffs' rights to free speech, due process, equal protection and freedom of association by retaliating against plaintiffs' "whistleblowing" about wrongdoing in the Police Department.[1]
 
 
 3
 Defendants moved unsuccessfully to dismiss the original complaint and then moved for dismissal again after some discovery and pretrial proceedings. The district court denied this second motion, but certified the denial order for interlocutory appeal. This court denied permission to appeal; we were unable to determine what question of law might control plaintiffs' claims because plaintiffs' complaint was a "shotgun" pleading containing rambling facts and multiple claims for relief all under one count and because we were unable to determine from the district court's order whether the district court ruled on a question of law. See Oladeinde v. City of Birmingham, No. 91-2061 (11th Cir. filed May 8, 1991).
 
 
 4
 The case went back to the district court, which allowed plaintiffs to amend their complaint. Defendants again moved for dismissal after plaintiffs amended their complaint; the motion to dismiss was based on these grounds: (1) complaint's failure to conform to Fed.R.Civ.P. 8; (2) complaint's failure to state a claim for which relief might be granted; (3) the substance of the alleged wrongful activity was privileged from discovery; (4) qualified immunity; and (5) for the state-law claims, defendants' argument that the district court should exercise no pendent jurisdiction.
 
 
 5
 The district court denied defendants' motion with the following brief statement:
 
 
 6
 Defendants evidently got carried away by the Eleventh Circuit's comments by way of dicta and citation to Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir.1991) [ (condemning "shotgun" pleadings), cert. denied, --- U.S. ----, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991) ]. This court is satisfied that plaintiffs' complaint falls comfortably in between what would be required by strict common law pleading and "shotgun" or nebulous and vague pleading so as to find acceptance under the notice pleading requirements of the federal rules.
 
 
 7
 In addition, defendants' motion to dismiss appears to be fired out of the same or a similar shotgun from which they accuse plaintiffs of firing. In any event none of the grounds or rounds fired are sufficient to justify a grant of the motion to dismiss.
 
 
 8
 Oladeinde v. City of Birmingham, No. 91-AR-0196-S (N.D.Ala. filed June 2, 1991). Apart from stating that plaintiffs' complaint met federal civil procedure pleading requirements, the district court never explained why it rejected defendants' other grounds for dismissal. This appeal by the individual-capacity defendants followed.
 
 DISCUSSION
 
 9
 Defendants argue that the district court erred by concluding that plaintiffs' complaint conformed to procedural rules, by concluding that plaintiffs' complaint stated a claim for which relief might be granted, and by rejecting defendants' qualified-immunity defense.[2] Many factors complicate our review of defendants' three claims, but no factor plays as dominant a complicating role as the long and wordy nature of plaintiffs' amended complaint.
 
 
 10
 In all kinds of cases, pleadings should be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1).[3] We are perplexed and frustrated by the fact that, despite clear guidance from this court, "the complaint presented to us ... [continues to be] a typical 'shotgun' pleading." Oladeinde v. City of Birmingham, No. 91-2061, slip op. at 2 (11th Cir. filed May 8, 1991). But in the light of the fact that this case is presented to us for the third time[4] (although the case has yet to advance much beyond the initial-pleadings stage) and in the interest of judicial economy and efficiency, we will review defendants' claims instead of remanding this case for further repleading. We admit to serious doubt that the complaint complies with Rule 8, but we will not reverse the district court on this point. We reject defendants' first point on appeal.
 
 
 11
 On a related question about pleadings (whether the complaint states a claim), we want to use this opportunity to repeat that, "in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts, have tightened the application of Rule 8 to § 1983 cases." Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir.1989) (citation omitted). In pleading a section 1983 action, some factual detail is necessary, especially if we are to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred. We also stress that this heightened Rule 8 requirement--as the law of the circuit--must be applied by the district courts; and we had anticipated that it would be rigorously applied by the district court in this case, particularly in the light of our earlier decision denying defendants' appeal.
 
 Rule 12(b)(6) and Qualified Immunity
 
 12
 At this early stage in the proceedings, the Rule 12(b)(6) defense and the qualified-immunity defense become intertwined. Under Rule 12(b)(6), defendants can defeat plaintiffs' cause of action if the complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).[5] Under the qualified-immunity defense, defendants are immune from liability and even from trial if plaintiffs' complaint fails to state a violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). And as the Supreme Court has stated, "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, --- U.S. ----, ----, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).
 
 
 13
 When reviewing motions to dismiss, we follow the same standards as the trial courts. All well-pleaded facts in plaintiffs' complaint and all reasonable inferences drawn from those facts are taken as true. See, e.g., Stephens v. Department of Health and Human Servs., 901 F.2d 1571, 1573 (11th Cir.1990). Guided by this standard and by the heightened specificity requirement of Rule 8 in section 1983 cases, we now address plaintiffs' claims. We will first discuss plaintiffs' separate claims and then discuss how plaintiffs' surviving claims affect defendants in their individual capacity.
 
 Separate Claims
 
 14
 We can immediately dispose of two claims contained in plaintiffs' complaint: equal protection and freedom of association. Our review of the complaint and relevant case law shows that no set of facts alleged support either of these two claims. This conclusion is made even easier by plaintiffs' counsel's admission during oral argument that she was "persuaded" by defendants' arguments and by applicable case law that the alleged equal-protection and freedom-of-association claims were legally unsupportable and that, if given the chance, she would "not include" these claims in another amended complaint. Plaintiffs, then, have concededly failed to state equal-protection and freedom-of-association claims for which relief might be granted.
 
 
 15
 Plaintiffs have also failed to state a due-process claim for which relief might be granted. Plaintiffs' complaint alleges that plaintiff Oladeinde's reputation was soiled, that plaintiffs Oladeinde and Fields were transferred for no good reason, and that plaintiff Oladeinde was denied a promotion. None of these allegations implicate the due-process protection of the Fourteenth Amendment.
 
 
 16
 We first examine whether plaintiffs alleged a violation of their procedural due-process rights. When reviewing a due-process claim, the threshold question is whether plaintiffs were deprived of a protected property or liberty interest. See, e.g., Faucher v. Rodziewicz, 891 F.2d 864, 869 (11th Cir.1990). Our inquiry will start with the only allegation affecting both plaintiffs: the transfers. Because we continue to be unwilling to hold that a transfer, which involves no loss of pay and no loss of rank, deprives a plaintiff of a protected liberty or property interest, we conclude that plaintiffs have alleged no procedural due-process violation on this point. "The internal transfer of an employee, unless it constitutes such a change of status as to be regarded essentially as a loss of employment, does not provide the additional loss of a tangible interest" that deserves Fourteenth Amendment protection. See Faucher, 891 F.2d at 870 (citation omitted).
 
 
 17
 We also conclude that the alleged defamatory remarks made about plaintiff Oladeinde fall outside the protection of constitutional due process. Plaintiff Oladeinde tries to rely on Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), to argue that allegations of criminal acts may invoke due-process protection. This reliance is misplaced, however, because plaintiff in Owen had been discharged immediately following, and presumably because of, the allegedly false statements. Id. at 633 n. 13, 100 S.Ct. at 1406-07 n. 13. Here, no loss of income or rank occurred, and absent a discharge or more, injury to reputation itself is not a protected liberty interest. See, e.g., Siegert v. Gilley, --- U.S. at ----, 111 S.Ct. at 1794.
 
 
 18
 Plaintiff Oladeinde's promotion is also not a protected property or liberty interest. In Wu v. Thomas, 847 F.2d 1480, 1485 (11th Cir.1988), this court stated that "a prospective promotion is not a property or liberty interest protected by the fourteenth amendment." Here, no protected interest arose from the mere recommendation of a promotion.
 
 
 19
 Aside from failing to state a claim for a violation of procedural due-process rights, plaintiffs have also failed to state a claim for a violation of substantive due-process rights. Substantive due process is a difficult concept to define. But "substantive due process is violated only when the government engages in actions which 'offend those canons of decency and fairness which express the notions of justice....' " Faucher, 891 F.2d at 871 (citations omitted). Unless the alleged conduct by the state actor shocks the conscience, substantive due process is not implicated. Id. Here, no shocking conduct was alleged, no substantive due-process rights were violated, and no due-process claim was stated for which relief might be granted.
 
 
 20
 Plaintiffs, however, have successfully stated a free-speech claim for which relief might be granted. Bearing in mind that all facts alleged in the complaint and all reasonable inferences drawn from those facts must be taken as true on a motion to dismiss, see, e.g., Stephens, 901 F.2d at 1573, plaintiffs have alleged the following: before, during and after their time in the Birmingham Police Department Narcotics Unit, plaintiffs sought to expose allegedly corrupt connections between police, city officials and drug dealers; and, as a result of these efforts, plaintiffs were exposed to retaliatory harassment, threats and transfers to keep them quiet about affairs that might be a matter of public concern. In essence, plaintiffs allege that they are "whistleblowers" and that defendants violated plaintiffs' free-speech rights by retaliating against them for their efforts. Taking these allegations as true, plaintiffs have stated a free-speech claim for which relief might be granted. Cf. Dartland v. Metropolitan Dade County, 866 F.2d 1321, 1323 n. 2 (11th Cir.1989) (First Amendment protects public employees' right to speak about issues of public concern).
 
 
 21
 Although plaintiffs have successfully stated a free-speech claim, they have stated this claim only against three of the individual-capacity defendants: Deutsch, Walker and Webb. Nowhere do plaintiffs allege particular wrongful acts by Mayor Arrington and nowhere do plaintiffs allege a sufficient causal connection between the alleged free-speech violation and the Mayor's conduct. Absent these allegations, plaintiffs' complaint fails to state a section 1983 claim against the Mayor. See, e.g., Hansen v. Black, 885 F.2d 642, 645-46 (11th Cir.1989).
 
 
 22
 Plaintiffs came closest to alleging the Mayor's involvement when plaintiffs made the following statements in their complaint: "As a result of plaintiffs' [whistleblowing], defendants Webb, Walker, Deutsch and Arrington took certain actions in an effort to punish, harass, and intimidate such 'whistleblowers....' " Plaintiffs' Amended Complaint at 7, para. 20; and "Defendants illegally conspired to violate plaintiffs' rights...." Id. at 18, para. 43. In the light of the heightened specificity requirements for Rule 8 in section 1983 cases, we look for definiteness in the averment of wrongful acts. These vague allegations, which are supported by no specific factual allegations against the Mayor, constitute no basis for a section 1983 cause of action. The district court, therefore, should have dismissed the claims against the Mayor.
 
 Defendants in their Individual Capacity
 
 23
 We now address the question whether the remaining individual-capacity defendants are entitled to qualified immunity against plaintiffs' free-speech claim. We conclude that, based on the record before us, Deutsch, Walker and Webb are unentitled to qualified immunity at this stage in the proceedings.
 
 
 24
 Defendants correctly argue that, in free-speech cases, "[b]ecause no bright-line standard puts the reasonable public employer on notice of a constitutional violation, the employer is entitled to immunity except in the extraordinary case where [the balancing test from Pickering v. Board of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) (free-speech interest of employee must be weighed against employer's interest in performing public services efficiently) ], would lead to the inevitable conclusion that the [retaliatory action] was unlawful." Dartland, 866 F.2d at 1323. Dartland is the law. But considering the complaint only, this appears to be a case in which such an inevitable conclusion would be reached. Therefore, at this stage in the proceedings, the qualified-immunity defense of Deutsch, Walker and Webb fails because the limited record before us does not support defendants' contention that, in the light of prevailing legal standards, their interest in efficiently operating the police department arguably outweighed plaintiffs' free-speech rights on a matter of public concern. We stress, however, that defendants retain the right to assert the qualified-immunity defense at the next stage of the proceedings (and, for that matter, throughout the proceedings) as more facts are developed.
 
 CONCLUSION
 
 25
 Because plaintiffs' complaint fails to state a claim for which relief might be granted on the assertions that defendants violated plaintiffs' rights to due process, freedom of association and equal protection and because plaintiffs' complaint fails to state a claim against Mayor Arrington, we REVERSE the district court's denial of defendants' motion to dismiss these claims. But we AFFIRM the district court's decision in all other respects.
 
 
 26
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Plaintiffs also raised state-based tort claims
 
 
 [2]
 We deem abandoned those motion-to-dismiss arguments that defendants advanced in the district court but failed to raise on appeal. See, e.g., Rogero v. Noone, 704 F.2d 518, 520 n. 1 (11th Cir.1983)
 
 
 [3]
 Rule 8 requires, among other things, that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although "[e]ach averment of a pleading shall be simple, concise, and direct[,] ... [n]o technical forms of pleading ... are required." Id. 8(e)(1)
 
 
 [4]
 See Oladeinde v. City of Birmingham, Nos. 91-2061 & 91-2063 (11th Cir. filed May 8, 1991) (denying permission to appeal and denying mandamus petition); Oladeinde v. City of Birmingham, No. 91-7530 (11th Cir. filed July 29, 1991) (denying mandamus petition and granting stay pending appeal)
 
 
 [5]
 In asserting their Rule 12(b)(6) motion to dismiss for failure to state a claim, we note that defendants have attacked the validity of each constitutional claim allegedly asserted in plaintiffs' complaint. See, e.g., Defendants' Motion to Dismiss at 15-23