cas, Corrections Officer; F. Burnette, Corrections Officer; Jeff Wicker, Corrections Officer; J. Inman, Corrections Officer; Doe Woodard, Corrections Officer; and Doe Elleotte, Corrections Officer, Defendants.

Civ. No. 1:91–cv–2229–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 29, 1992.

**Abijah ABIFF, Plaintiff,**

v.

Lewis R. SLATON, District Attorney, Fulton County; Alfred D. Dixon, Assistant District Attorney, Fulton County; Michael J. Bowers, Attorney General, State of Georgia; Bobby K. Whitworth, Commissioner, Department of Corrections; Curtis K. Scott, Warden; David Dover, Deputy Warden; Jerry Lewis, Lieutenant; R. Youngblood, Lieutenant; L. Henderson, Lieutenant; Stuard Rogers, Sergeant; J. Green, Corrections Officer; Doe Hall, Corrections Officer; G. Horton, Corrections Officer; S. Lu-

Abijah Abiff, pro se.

Michael J. Bowers, Daryl A. Robinson and William F. Amideo, Office of State Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on the Defendants' Motion to Dismiss [6] and the Plaintiff's Motion for Appointment of Counsel [7]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Plaintiff's motion should be

denied and Defendants' motion to dismiss should be granted.

## BACKGROUND

Plaintiff, Abijah Abiff ("Abiff"), was convicted of murder in 1986 and sentenced to life imprisonment. He was subsequently incarcerated at the Dodge Correctional Institute, a state-operated correctional facility. Plaintiff appealed his conviction and the Georgia Supreme Court remanded the case to the trial court for a determination of whether Abiff had been denied effective assistance of counsel. *Abiff v. State*, 258 Ga. 137, 365 S.E.2d 427, 429–30 (1988), *cert. denied*, —— U.S. ——, 111 S.Ct. 797, 112 L.Ed.2d 858 (1991). The trial court concluded that Abiff had been denied effective assistance of counsel and granted him a new trial. *State of Georgia v. Abiff*, Indictment No. A-84375 (Fulton County Superior Court, Order of Jan. 6, 1989, Cooper, J.). Plaintiff was held at the Dodge Correctional Institute until October 27, 1989, at which time he was transferred to the Fulton County jail.

Plaintiff alleges that, while at the Dodge Correctional Institute, a number of violations of his rights occurred. These violations include an incident in June 1989 when Plaintiff alleges that correctional officers ordered two inmates to shave him by force despite his having a medical card excusing him from shaving. Plaintiff alleges that this action exposed him to the risk of acquiring AIDS.

Plaintiff filed this action on September 13, 1991 against nineteen individual Defendants.[1] Abiff raises essentially three claims: (1) that shaving him by force was cruel and unusual punishment, (Compl. ¶¶ 76, 81), (2) that hearings held in the correctional institute violated his right to procedural due process, (*Id.* ¶¶ 78–80), and (3) that failing to immediately release him

from state prison or transfer him to the county jail after his sentence was vacated violated his rights, (*Id.* ¶¶ 83–86).[2] Defendants subsequently moved to dismiss the action [6].

## DISCUSSION

### A. Plaintiff's Motion for Appointment of Counsel

■ Plaintiff clearly has no constitutional right to counsel in this civil case. The Eleventh Circuit Court of Appeals has observed that counsel should be appointed in civil cases only when justified by "exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985). The Court concludes that no such circumstances are present in this case, as "[t]he essential facts and legal doctrines [are] ascertainable without the assistance of court-appointed counsel." *Id.* Thus, the Court denies Plaintiff's motion for appointment of counsel.

### B. Defendants' Motion to Dismiss

Defendants have raised several arguments in their motion to dismiss. The Court will address each argument in turn.

#### 1. Statute of Limitations

■ Title 42 United States Code section 1983 does not provide its own express statute of limitations. However, the Supreme Court has held that state statutes of limitation for personal injury actions apply to § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The Eleventh Circuit Court of Appeals has held that in Georgia § 1983 actions are governed by the state's two year statute of limitations applicable to personal injury claims. *Giles v. Garwood*, 853 F.2d 876 (11th Cir.1988), *cert. denied*, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222

1. Two of these named Defendants were inmates, who were subsequently dismissed by the previous judge to whom the case was assigned, the Honorable Horace T. Ward. (Order of April 4, 1992 at 3).

2. Plaintiff initially styled the case as a class action and sought relief in the form of an order

requiring state correctional facilities to implement various reforms in preventing AIDS in prison. (Compl. at 26–27 ¶¶ 6–8). However, Judge Ward dismissed the class aspects of the case, (Order of April 4, 1992 at 2 n. 1), and, as a result, this Court will not address Plaintiff's requests for class relief.

(1989). However, although state law governs the *length* of the limitations period, federal law governs the question of when a § 1983 action *accrues. Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987). Under federal law, a § 1983 action accrues when a plaintiff (1) knows or has reason to know that the plaintiff has been injured, and (2) is aware or should be aware of who inflicted the injury. *Id.*

■ Using this analysis, the Court concludes that the injuries complained of in the first and second claims mentioned above (the shaving incident and the alleged unconstitutional hearings) are barred by the statute of limitations. These injuries not only occurred more than two years before the complaint was filed, but it is apparent that Plaintiff knew or should have known both that he was injured and by whom he was injured.[3] Thus, the Court grants Defendants' Motion to Dismiss as to these claims.[4]

■ Although it appears to be a close question, the Court concludes that the third claim mentioned above (failure to immediately transfer Plaintiff from state prison) is not barred by the statute of limitations. The remaining Defendants argue that this claim should also be barred, as Plaintiff knew of the violation two and a half years before filing suit. However, the Court concludes that the better view is that put forward by Plaintiff in his response to the Motion to Dismiss—that the failure to release him was a "continuing violation" that did not end until he was finally transferred to the county jail in October 1989, a time within two years of the filing of the Complaint. *See Donaldson v. O'Connor,* 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) (holding that claim

for false imprisonment was continuing violation and thus not barred by statute of limitations).

The Court must now consider whether there are any other valid grounds for dismissing Plaintiff's claim for failure to immediately release or transfer him. Plaintiff brings this claim (as he did the other two claims) against all Defendants in both their official and individual capacity. (Compl. ¶¶ 4–22). In determining whether dismissal is appropriate on this claim, the Court will address each type of capacity.

2. Official Capacity Claims

■ A suit against a party in his or her official capacity is the same as suit against the government entity of which the officer is an agent. *Owens v. Fulton County,* 877 F.2d 947, 951 n. 5 (11th Cir. 1989); *Familias Unidas v. Briscoe,* 619 F.2d 391, 403 (5th Cir.1980).[5] Additionally, the Eleventh Amendment bars suit against a state in federal court. *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir.1990). As a result of these two rules, the Eleventh Amendment also bars suit in federal court against a state official in his or her official capacity. *Briscoe,* 619 F.2d at 404–05.

■ There are three exceptions to Eleventh Amendment immunity. First, the Eleventh Amendment does not bar suit against a government official for prospective injunctive relief only. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Second, the Amendment does not bar suit when Congress, by statute, allows a state to be sued in federal court. *Carr,* 916 F.2d at 1524. Finally, the Eleventh Amendment does not bar suit when the state unequivocally consents to suit in federal court. *Gamble v. Florida Dept. of*

**3.** The shaving incident occurred on June 26, 1989, (Compl. ¶¶ 45–49), while the hearings in question were held in June and July 1989 (*Id.* ¶¶ 50–66). Abiff did not file his complaint until September 13, 1991.

**4.** The only allegations in the complaint as to Defendants Dover, Lewis, Youngblood, Henderson, Rogers, Green, Hall, Horton, Lucas, Burnette, Wicker, Inman, Woodard, and Elleotte involve the shaving incident and hearing

claims. As these claims are dismissed, these Defendants are dismissed from the action.

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Health & Rehab. Services,* 779 F.2d 1509, 1512 (11th Cir.1986).

■ It is apparent to the Court that none of these exceptions apply in this case, as (1) Plaintiff clearly seeks damages, not injunctive relief, (Compl. at 25–26), (2) the Supreme Court has held that § 1983 does not constitute Congressional waiver of Eleventh Amendment immunity, *Quern v. Jordan,* 440 U.S. 332, 339, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979), and (3) Plaintiff has produced no evidence that shows the state's unequivocal consent to suit in federal court.[6] Thus, the Court concludes that suit against the named Defendants in their official capacities is barred by the Eleventh Amendment and dismisses Plaintiff's official capacities claims. *See, e.g., Owens,* 877 F.2d at 949 (Eleventh Amendment would bar suit against Fulton County District Attorney); *Williams v. Bennett,* 689 F.2d 1370, 1378 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983) (state Board of Corrections officials immune to official capacity suit due to Eleventh Amendment).[7]

### 3. Individual Capacity Claims [8]
#### a) Absolute immunity

■ Prosecutors are entitled to absolute immunity against suit in their individual

---

**6.** Moreover, it appears that such consent would violate the state constitution. *See Fuller v. Georgia State Bd. of Pardons and Paroles,* 851 F.2d 1307, 1309 (11th Cir.1988).

**7.** The Court recognizes that Defendants did not raise the Eleventh Amendment grounds in their Motion to Dismiss. However, as the Supreme Court has observed, the Eleventh Amendment acts as an "explicit limitation of the judicial power of the United States," *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 119, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984), and a federal court must raise *sua sponte* any lack of subject matter jurisdiction. *Louisville and Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Thus, "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919. *See also United States v. State of Ala.,* 791 F.2d 1450, 1454 (11th Cir.1986), *cert. denied,* 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987); *Whiting v. Jackson State Univ.,* 616 F.2d 116, 127 n. 8 (5th Cir.1980). Moreover, it appears to the Court that Plaintiff's official capacity allegations do not even

capacity for prosecutorial acts. *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Although Plaintiff is not entirely clear what actions Defendants Slaton and Dixon took to violate his rights, it is apparent that any such actions were within their prosecutorial functions and, as a result, they are absolutely immune to suit. Thus, the Court grants Defendants' Motion to Dismiss as to these Defendants in their individual capacities.

#### b) Qualified immunity

Defendants have both (1) raised the affirmative defense of qualified immunity and (2) argued that Plaintiff failed to state a claim upon which relief can be granted. The Eleventh Circuit Court of Appeals has observed that, at this early stage of the proceedings, the analysis of these two arguments merge into a single test: does the plaintiff allege a violation of a clearly established constitutional right? *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). If the plaintiff does not, then dismissal is appropriate. *Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir.1990). Moreover, the Eleventh Circuit (and apparently every other circuit) has, in an effort to protect public officials from constantly defending against frivolous claims, set out

state a claim after the Supreme Court's holding in *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." However, because it is unclear whether this rule is "jurisdictional," *Id.* at 63 n. 4, at 2307 n. 4, and because Defendants did not assert this ground in support of dismissal, the Court does not rely on this ground in its ruling.

**8.** In their motion to dismiss, Defendants assert the immunities discussed *infra.* In his reply, Plaintiff, in an effort to avoid these immunity defenses, asserts that "since Plaintiff's action is an official-capacity-lawsuit the Defendants qualified immunity defense is not available in this case." (Pl.'s Reply to Def.'s Mot. to Dismiss ¶ 3C). Based on this statement, it appears that Plaintiff may have abandoned his individual capacity claims. However, in deference to Plaintiff's *pro se* status, the Court will not assume that he has abandoned his individual capacity claims and will proceed to address them.

a "heightened pleading standard" for § 1983 claims. *Oladeinde*, 963 F.2d at 1485; *Arnold v. Board of Educ. of Escambia County Ala.*, 880 F.2d 305, 309–10 (11th Cir.1989). Under this standard, a § 1983 claim must contain more than mere conclusory allegations and must provide "some factual detail" as to what actions by which officials violated which of the plaintiff's clearly established constitutional rights. *Oladeinde*, 963 F.2d at 1485.

The threshold question in determining whether a plaintiff's claims survive a motion to dismiss based on qualified immunity is whether the plaintiff has asserted the violation of a constitutional right at all. *Oladeinde*, 963 F.2d at 1485. In his failure to immediately transfer or release claim, Plaintiff alleges two acts by Defendants. First, he alleges that he was kept in state prison rather than the county jail in violation of due process and the equal protection clause. (Compl. ¶ 70B). Second, he alleges that he had to wait nineteen months after his sentence was vacated before he was given a bond hearing. (*Id.* ¶ 70C).

It appears to the Court that the first allegation does not even state a constitutional violation, as Plaintiff has cited no case or provision of the constitution that would give him the right to be held in a county facility. The second allegation, however, if taken as true (as the Court must on a motion to dismiss), appears that it may state a constitutional violation.

However, given the heightened pleading standard for § 1983 actions, it does not appear to the Court that Plaintiff has provided sufficient factual detail to tie the three remaining Defendants (Bowers, Whitworth, and Scott) to this alleged constitutional violation. There is absolutely no mention of Whitworth at all in reference to this claim. The only mention of Bowers is in a conclusory paragraph stating that he and Scott were "bound with knowledge that Plaintiff was being unlawfully detained in State Prison as a pretrial defendant." (Compl. ¶ 71). The only additional mention of Scott is in a paragraph in which Plaintiff alleges that he told another individual "that he had repeatedly informed [Scott and another individual] of care and treatment to his status as a pretrial detainee." (Compl. ¶ 43). Thus, it appears to the Court that Plaintiff has failed to adequately allege a violation of a clearly established constitutional right and the remaining Defendants' motion to dismiss is granted on this ground as to this last remaining claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [6] is GRANTED and the Plaintiff's Motion for Appointment of Counsel [7] is DENIED.

SO ORDERED.