J.H. THOMAS, Plaintiff,

v.

Beverly HARVARD, et al., Defendants.

No. Civ.A.1:98–CV–0946–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 17, 1999.

Ralph S. Goldberg, Decatur, GA, for plaintiff.

Clifford E. Hardwick, IV, Mary Janet Huber, Namita Sundaresan Brown, Atlanta City Attorney Law Department, Atlanta, GA, for defendants.

## ORDER

FORRESTER, District Judge.

This case is before the court on Defendants' motion for judgment on the pleadings [4–1], Defendants' motion to dismiss [6–1], and Defendants' motion to stay discovery.

## I. STATEMENT OF THE CASE

Plaintiff J.H. Thomas, a former City of Atlanta Police Officer, filed the instant action pursuant to 42 U.S.C. § 1983 on March 30, 1998. In his complaint, Plaintiff alleges that Defendant Beverly Harvard, Chief of Police of the City of Atlanta, violated his rights to due process under the United States and Georgia Constitutions. On September 6, 1995, Defendant Harvard suspended Plaintiff from duty with pay, without a pre-deprivation or post-deprivation hearing, and accused him of engaging in criminal behavior in a statement to the press.[1] Plaintiff alleges that these actions stigmatized him and foreclosed his ability to work in his chosen field of

---

1. Plaintiff was dismissed from employment effective August 19, 1997. Plaintiff appealed this dismissal to the City's Civil Service Board, but to date no decision has been issued. Plaintiff does not challenge his dismissal in this case.

police work. Plaintiff seeks damages for emotional distress in the amount of $500,-000, punitive damages in the amount of $100,000, attorney's fees, and costs.

On May 11, 1998, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in which they allege that this action is barred by the statute of limitations. Plaintiff filed a response to this motion on May 18, 1998, and on May 27, 1998, Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in conjunction with their reply in support of their motion for judgment on the pleadings. In addition, on July 8, 1998, Defendants filed a motion to stay discovery pending resolution of the motion for judgment on the pleadings and motion to dismiss.

## II. DISCUSSION

Section 1983 provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C. § 1983. In order to state a cause of action under § 1983, Plaintiff must first allege that he was deprived of some constitutional right. Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment by suspending him with pay and by publicizing his suspension to the media without providing him with a hearing.

### A. Motion to Dismiss

■ In order to state a claim for a violation of procedural due process here, Plaintiff must show: (1) a constitutionally protected interest in life, liberty, or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. See Board of Regents v. Roth,

408 U.S. 564, 570–71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). If Plaintiff fails to establish any one of these elements, his claim may not survive. Defendants have moved to dismiss Plaintiff's claim on the basis that, as a matter of law, he cannot show that he was deprived a constitutionally protected liberty interest.[2]

■ The Supreme Court has defined a liberty interest under the Due Process Clause to include a person's interest in his or her reputation, coupled with the "more tangible benefits or entitlements which rest upon a person's good name." See Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Accordingly, in order to state a claim for the deprivation of such an interest, Plaintiff must show: (1) a stigmatizing allegation; (2) dissemination or publication of that allegation; and (3) loss of some tangible interest due to the publication of the stigmatizing allegation. See Bank of Jackson County v. Cherry, 980 F.2d 1354, 1358 (11th Cir. 1992). In the instant case, Plaintiff has sufficiently alleged a stigmatizing allegation and the dissemination of that allegation through Police Chief Harvard's alleged statement to the press that Plaintiff may have been involved in criminal activity. The remaining question, then, is whether Plaintiff can also show the loss of some tangible interest in the form of his suspension with pay.

■ Eleventh Circuit precedent is clear that a protected liberty interest is at stake if there is a stigmatizing allegation made in conjunction with a discharge. See Moore v. Otero, 557 F.2d 435, 438 (5th Cir.1977); Dennis v. S & S Consolidated Rural H.S. Dist., 577 F.2d 338, 342 (5th Cir.1978). In the instant case, however, Plaintiff was retained as an employee and received his full pay. Accordingly, the question presented for the court is whether this suspension with pay is sufficient to constitute the "plus" in the Supreme Court's "stigma-plus" analysis.

---

**2.** Plaintiff does not argue that he had a prop-    erty interest in his position.

In support of his contention that this suspension is enough, Plaintiff cites *Hardiman v. Jefferson County Bd. of Education,* 709 F.2d 635 (1983). In *Hardiman,* the plaintiff was a tenured junior high school teacher, who had been accused by a student of inappropriate contact with that student's girlfriend. The plaintiff in *Hardiman* was suspended, with pay, for eight days prior to receiving a hearing before a neutral member of the Board of Education. It was decided at this hearing to continue the plaintiff's suspension without pay pending further investigation. The court was thus faced with the question of whether the allegations of misconduct, in conjunction with an eight-day suspension with pay, were sufficient to support a constitutionally protected liberty interest.

In deciding this question in the negative, the court stated, "the individual must be not only stigmatized, but also stigmatized in connection with a denial of a right or status previously recognized under state law." *See id.* at 638–39, *quoting Moore v. Otero,* 557 F.2d at 437. Despite its finding that plaintiff's suspension without pay for eight days was insufficient to give rise to a liberty interest, however, the court stated, in a footnote:

> [I]n certain circumstances a prolonged suspension might amount to a significant change of status under state law that would satisfy the standard of *Paul v. Davis* ... and would thus enable the employee to prove a deprivation of liberty. We can envision a situation in which, for example, the government in bad faith suspends an employee for an extended duration in the hope of forcing the employee to resign. In such a situation, the prolonged suspension albeit with pay might interfere with the [individual's protected liberty interest].

*See Hardiman,* 709 F.2d at 638, n. 2.

Plaintiff contends, based upon this dictum, that his suspension for almost two years, in conjunction with Chief Harvard's statements to the press, give rise to a liberty interest. This court, however, reads *Hardiman* more narrowly.

It appears to the court that *Hardiman's* focus upon a "change in status under state law" and the hope of forcing an employee to resign refers to a situation in which a prolonged suspension rises to the level of a constructive discharge. The court therefore sees *Hardiman* as going no further than previous cases which rely upon a discharge in conjunction with stigmatizing statements in order to find a liberty interest. *Hardiman* is merely a recognition that what employers should not be able to do directly they also should not be able to do indirectly, and, as noted previously, it is the forced loss of employment that is the focus. Such a construction would be consistent with cases in which the court has held that a transfer with no change in pay is insufficient to give rise to a liberty interest "unless it constitutes such a change in status as to be regarded essentially as a loss of employment." *See Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1486 (11th Cir.1992), *citing Moore,* 557 F.2d at 438.

Based upon this reading of this court's precedent, it appears that Plaintiff has failed to state a claim for the deprivation of a constitutionally protected liberty interest. Plaintiff relies merely upon stigmatizing statements in conjunction with a suspension without pay. Because, as stated above, this is not sufficient to create a liberty interest, Plaintiff's claim should be dismissed, and Defendants' motion to do so is GRANTED.

### B. Remaining Motions

Because the court has granted Defendants' motion to dismiss, Defendants' motion for judgment on the pleadings and motion to stay discovery are rendered moot and are hereby DENIED as such.

### III. CONCLUSION

Defendants' motion for judgment on the pleadings [4–1] and motion to stay discovery [12–1] are DENIED as moot. Defen-

dants' motion to dismiss [6–1] is GRANT-
ED.

SO ORDERED.