[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12540

_____

D. C. Docket No. 94-02700-CV-ODE-1

SALVADOR MAGLUTA,

Plaintiff-Appellant,

versus

F.P. SAM SAMPLES, MICHAEL W. GARRETT,
FRED STOCK, MICHAEL BELL, JOEL KNOWLES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 13, 2001)**

Before CARNES, COX and NOONAN[*], Circuit Judges.

PER CURIAM:

---

[*] Honorable John T. Noonan, Jr., U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

## I. BACKGROUND

In April 1991, Salvador Magluta was indicted in the Southern District of Florida on various charges involving cocaine trafficking. The United States Marshals Service apprehended Magluta in October 1991 and placed him in federal custody. Following his arrest, Magluta was held in three different federal facilities — first in Miami, then in Talledega, and later in Atlanta — before reaching trial in 1996. He was acquitted.

Magluta filed this *Bivens*[1] action in 1994 during his pretrial detention at the United States Penitentiary in Atlanta. The complaint asserts a variety of constitutional claims relating to the conditions of his confinement against fourteen federal officials. The defendants filed a Rule 12(b) motion to dismiss. The ten non-resident defendants sought dismissal on Rule 12(b)(2) grounds asserting lack of personal jurisdiction; the four Georgia residents sought dismissal on 12(b)(6) grounds, asserting failure to state a claim and, alternatively, qualified immunity. The district court dismissed the ten non-resident defendants, concluding that they were not subject to the jurisdiction of the court. We previously affirmed that dismissal.

---

[1] *See Bivins v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Four defendants remain: F.P. Sam Samples, Michael W. Garrett, Fred Stock, and Michael Bell. Samples and Garrett are alleged to have been the Regional Director and Deputy Regional Director, respectively, of the Bureau of Prisons (Southeast Regional Office). Stock and Bell are alleged to have been the Warden and Associate Warden, respectively, at the United States Penitentiary in Atlanta, Georgia.

All of Magluta's claims relate to the conditions of his confinement as a pretrial detainee. The centerpiece of his complaint, and his brief on appeal, is his Fifth Amendment due process claim. The complaint alleges that he was placed in solitary confinement — the "hole" — through a series of detention orders at four different federal prisons, including Atlanta, for cumulatively more than 721 days. Magluta alleges this lengthy and harsh pretrial detention was solely for the purpose of punishment or retribution, was not justified by any legitimate institutional concerns, and was imposed by various detention orders without notice, a hearing, or meaningful review. This, Magluta alleges, violates the Due Process Clause of the Fifth Amendment.

The district court dismissed all claims against the four resident defendants pursuant to Fed. R. Civ. P. 12(b)(6), concluding that the complaint failed to state a claim.

## II. ISSUES ON APPEAL

Magluta's brief on appeal argues that the complaint alleges five viable constitutional claims with sufficient particularity to survive 12(b)(6) dismissal. Magluta's brief characterizes the claims as follows. Count One is the Fifth Amendment due process claim based upon Magluta's lengthy and harsh pretrial detention. Count Two alleges a due process and Eighth Amendment claim based upon the deliberate indifference prison officials demonstrated to Magluta's serious medical needs and the conditions of his pretrial detention. Count Four alleges a violation of the Free Exercise Clause of the First Amendment. Count Five asserts a due process claim based upon the totality of the circumstances of Magluta's pretrial detention. Count Six is said to be based upon the First Amendment right of access to the courts, and alleges that the conditions of Magluta's confinement were imposed in retaliation for his having filed lawsuits challenging the conditions of his confinement.

The defendants argue that the district court correctly concluded that the complaint fails to state a claim and, alternatively, that they are entitled to qualified immunity because the rights asserted were not clearly established.[2]

## III. STANDARD OF REVIEW

---

[2] The district court did not address the issue of qualified immunity, apparently finding it unnecessary to do so because of its conclusion that the complaint failed to state a claim.

4

We review de novo a dismissal for failure to state a claim, and a complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

## IV. DISCUSSION

Our first task is to determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Id.* In making this decision we must respect the rule that heightened specificity is required in civil rights actions against public officials who may be entitled to qualified immunity. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). In this case our task is a daunting one.

The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(a)(2). It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal

5

realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations" — which comprises 146 numbered paragraphs — while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996), and is the type of complaint that we have criticized time and again. *See, e.g., BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998)*; GJR Invs., Inc.*, 132 F.3d at 1368; *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991).[3]

In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 910 (11th Cir. 1996). That is the appropriate disposition here.

---

[3] We have held that district courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998)*; Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

We are unwilling to address and decide serious constitutional issues on the basis of this complaint. We could perhaps decide whether some of these claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleading on remand. Piecemeal adjudication of that kind, however, does not promote judicial efficiency. And the toleration of complaints such as this one "does great disservice to the administration of civil justice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998).

We express no opinion on the merits of Magluta's constitutional claims beyond saying that we suspect that Magluta's Fifth Amendment due process claim, if alleged with sufficient specificity, might not be subject to dismissal under Rule 12(b)(6). We also suspect (but need not decide) that this complaint lacks the requisite specificity.

For all of these reasons, we vacate the judgment dismissing the action and remand. On remand the district court should enter an order striking the complaint and require a repleading of all claims in a complaint that respects the requirements of Rule 8 and the heightened pleading requirement for cases such as this one.

VACATED AND REMANDED WITH INSTRUCTIONS.