[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15368
Non-Argument Calendar

_____

D. C. Docket No. 05-21230-CV-JAL

JORGE T.,
a minor by and through his mother and natural
guardian,
SUSAN CARCANO,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,
a.k.a. Florida Department of Children and Family Services,
SARA ARIAS,
Julian as a minor,
OLIVIA WALKER,
JERMAINE IRVING,
MELVIN DOE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2007)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jorge T. filed a complaint in district court pursuant to 42 U.S.C. § 1983, alleging that defendants violated his substantive due process right to protection and care as a dependent child in the Florida Department of Children and Families ("DCF"). The defendants filed a motion to dismiss based upon qualified immunity. The district court granted the motion, and Jorge T. timely filed this appeal. Because Jorge T.'s complaint failed to state a claim upon which relief can be granted, we affirm the district court's judgment.

## BACKGROUND

In 2002, the DCF placed Jorge T. and his older brother Ricardo in the foster home of Sara Arias. Jorge T. brought a § 1983 claim against seven DCF employees after Julian, another foster child in the Arias home, allegedly raped and sexually assaulted him on December 14, 2002. He claims that the following facts support the conclusion that the DCF employees violated his constitutional rights: one DCF employee knew that, on several occasions prior to the incident, Julian had entered the bathroom while Jorge T. was inside; one DCF employee received reports that Jorge T. and his brother were not well-kept, were dirty and lacked proper care; six DCF employees failed to act to ensure Jorge T.'s safety at the time

2

of the alleged rape and assault; the defendants failed to respond to various structural errors and a general increase in reports of abuse in the foster care system; and the defendants improperly screened Jorge T.'s foster mother's background.

The defendants filed a motion to dismiss, asserting qualified immunity. The district court granted the motion, concluding that Jorge T.'s assertions failed to establish a claim under § 1983.

## STANDARD OF REVIEW

We review *de novo* the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and assumes that the facts alleged in the complaint are true. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). Because the district court dismissed Jorge T.'s § 1983 claim on qualified immunity grounds, however, we must also apply a heightened pleading requirement. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (citing *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (1992) (overruled on other grounds)). Accordingly, while Fed. R. Civ. P. 8 gives plaintiffs considerable leeway in framing complaints, we require that, in response to the qualified immunity defense, a § 1983 complaint allege its supporting facts with some specificity. *Id.*

3

**DISCUSSION**

The facts and procedural posture of this case are similar to those we faced in *Ray v. Foltz*, 370 F.3d 1079 (11th Cir. 2004). *Ray* involved alleged abuse of a foster child and a § 1983 claim against DCF employees. *Id.* at 1080-81. There, as here, the defendants raised the qualified immunity defense. *Id.* at 1081. In *Ray* we reversed the district court's denial of the defendants' 12(b)(6) motion to dismiss, and our reasoning there will guide us here.

Government officials are immune from suit when acting within the scope of their discretionary authority unless they knowingly violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* at 1081 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The defendants concede that Jorge T. has alleged a violation of his clearly established constitutional right to be free from unnecessary pain under the Fourteenth Amendment. *See id.* at 1082 ("It is clearly established in this circuit that foster children have a constitutional right to be free from unnecessary pain and a fundamental right to physical safety.") (citing *Taylor v. Ledbetter*, 818 F.2d 791, 794-95 (11th Cir. 1987) (en banc)). Under *Ray*, however, Jorge T.'s complaint must also sufficiently allege that the defendants were deliberately indifferent to the violation of Jorge T.'s rights. *Id.* at 1083 (citing *Taylor*, 818 F.2d

4

at 797).

In *Ray*, we reasoned that the defendants could not be liable under the deliberate indifference standard unless they (1) actually knew that an excessive risk of abuse existed and (2) disregarded that risk. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (requiring that a state official be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and actually draw the inference). Jorge T.'s complaint cannot survive the defendants' motion to dismiss because the facts, even when viewed in the light most favorable to Jorge T., do not support an inference that a substantial risk of serious harm existed.

The only relevant fact that Jorge T. alleged with specificity is that one of the seven defendants knew that Julian had previously entered the bathroom when it was occupied by Jorge T. The defendants could not have inferred from that fact alone that a substantial risk of serious harm to Jorge T. existed. Thus, while we acknowledge that what Jorge T. allegedly suffered is horribly tragic, the law clearly prevents Jorge T. from pursuing his case against the defendants as pleaded.

## CONCLUSION

Jorge T.'s complaint failed to state a claim upon which relief could be granted. Nowhere in the complaint does he allege facts that would support the

5

inference that a substantial risk of serious harm existed. Accordingly, we affirm the district court's dismissal of Jorge T.'s complaint.

**AFFIRMED**.