[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14387

_____

D. C. Docket No. 03-00011-CV-AR-S

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2004
THOMAS K. KAHN
CLERK

TERRY LEE PASSMORE SWANN,
as Administrator of the Estate of
Merri Elizabeth Passmore,

Plaintiff-Appellant,

versus

SOUTHERN HEALTH PARTNERS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

( October 21, 2004 )

Before BIRCH, BARKETT and COX, Circuit Judges.

COX, Circuit Judge:

The Plaintiff, Terry Lee Passmore Swann ("Swann"), executor of the estate of

Merri Elizabeth Passmore, appeals the district court's judgment for the Defendant,

Southern Health Partners, Inc. ("SHP"). The court granted the Defendant's motion to dismiss the Plaintiff's second amended complaint for failure to satisfy the heightened pleading standard applicable to claims brought under 42 U.S.C. § 1983 (1988). Because we conclude that the heightened pleading standard is not applicable in a § 1983 action against a non-governmental entity that cannot raise qualified immunity as a defense, we reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

The facts alleged in the complaint may be summarized as follows. Merri Elizabeth Passmore ("decedent") was incarcerated at the Blount County Detention Center from January 3, 2001, until January 9, 2001. SHP, a private corporation, had contracted with the Sheriff of Blount County and/or Blount County to provide medical care to inmates at the Blount County Detention Center. While incarcerated, the decedent repeatedly reported to SHP's employees at the detention center that she had not urinated in several days, but was not given a urine test until January 7, 2001. SHP staff received the results of decedent's test on January 8, 2001, acknowledging that she had an infection, but decedent was still not treated. On January 9, decedent became disoriented and was released on a recognizance bond and sent to the emergency room at the Blount County Medical Center. The decedent was transferred

to Medical Center East in Birmingham, Alabama, where she went into a coma and died on January 25, 2001, due to acute renal failure.

Swann filed an action in the district court asserting claims under 42 U.S.C. § 1983. In his initial complaint, Swann named as defendants SHP, Georgette Denny, Blount County Sheriff Larry E. Stanton, and a medical doctor identified as L. Gewin.[1] The district court granted SHP's motion to dismiss the Plaintiff's first amended complaint for failure to comply with the Eleventh Circuit's heightened pleading standard applicable to actions brought under § 1983. The court gave the Plaintiff the opportunity to file another complaint within ten days of the court's order, providing the Plaintiff with another chance to "comply[] with the higher pleading standards enunciated in *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), and alleg[e] facts reflecting deliberate indifference and reaching the level of a constitutional violation." (R.1-22 at 1.) The Plaintiff then filed a second amended complaint naming SHP as the only defendant.

---

[1] Plaintiff's initial complaint asserted claims against Larry E. Stanton in his official capacity only. Plaintiff amended the complaint in order to name Stanton in his individual capacity only. Thereafter, the district court granted Stanton's motion to dismiss, finding that he was entitled to qualified immunity.

The district court determined that "[a]lthough the concept of qualified immunity is not available to Southern Health, as a defense, Southern Health is the beneficiary of the heightened pleading standard applicable to all claims brought under 42 U.S.C. § 1983." (R.1-31 at 1.) The court concluded that the Plaintiff's second amended complaint did not meet this standard, granted SHP's motion to dismiss the Plaintiff's second amended complaint, and entered judgment for the Defendant.

## II. ISSUE ON APPEAL AND STANDARD OF REVIEW

The sole issue on appeal is whether the district court erred in applying a heightened pleading standard to a § 1983 action against a private entity that could not assert qualified immunity as a defense. We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## III. DISCUSSION

Appellant contends that the United States Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993), prohibits the application of a heightened pleading standard to § 1983 actions against private entities, like SHP, who cannot raise qualified immunity as a defense. Under Federal Rule of Civil Procedure 8(a)(2), a

4

complaint only need contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Leatherman*, the Supreme Court held that a court may not apply a heightened pleading standard more stringent than the usual pleading requirements of Rule 8 in civil rights cases alleging municipal liability under § 1983. 507 U.S. at 164, 113 S. Ct. at 1161. The Court rejected respondent's argument that a municipality should enjoy the same heightened pleading standard granted government officials protected from suit by qualified immunity. The Court acknowledged that municipalities are afforded certain protections from liability – a municipality cannot be held liable on a respondeat superior theory but only where a municipal policy or custom caused the constitutional injury. 507 U.S. at 166, 113 S. Ct. at 1162. However, protection from liability does not encompass immunity from suit. Where a § 1983 claim is asserted against a municipality, only the liberal pleading standards of Rule 8(a)(2) apply. 507 U.S. at 168, 113 S. Ct. at 1163.

Prior to *Leatherman*, this circuit recognized a heightened pleading standard broadly applicable in § 1983 actions. In *Oladeinde*, for example, we stated that "[i]n pleading a section 1983 action, some factual detail is necessary . . . . [T]his heightened Rule 8 requirement – as the law of the circuit – must be applied by the district courts . . . ." 963 F.2d at 1485; *see also Arnold v. Bd. of Educ.*, 880 F.2d 305, 310 (11th Cir. 1989) ("Typically, Rule 8 is applied more rigidly to allegations of

5

conspiracy and absolute immunity, and to claims plead against a local government that the challenged conduct constitutes its official policy or custom.").

Under the prior panel rule, we are bound by the holdings of earlier panels unless and until they are clearly overruled en banc or by the Supreme Court. *United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir. 1997). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Tr.*, 344 F.3d 1288, 1292 (11th Cir. 2003); *see also Fla. League of Prof'l Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996) ("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court."). Thus, we have no authority to overturn the *Oladeinde* and *Arnold* line of cases unless *Leatherman* overturned them.

We now address for the fist time the impact of *Leatherman* on the law of this circuit. While *Oladeinde* and *Arnold* do suggest a broad application of a heightened pleading standard in all § 1983 cases, we agree with the Appellant that those cases were effectively overturned by the *Leatherman* Court. *Leatherman* made it clear that any heightened pleading requirements in § 1983 actions against entities that cannot raise qualified immunity as a defense are improper. While municipalities are

6

protected from liability to some extent, they enjoy no immunity from suit. The same reasoning is applicable in § 1983 suits against non-governmental entities not entitled to qualified immunity. *See Wyatt v. Cole*, 504 U.S. 158, 167-69, 112 S. Ct. 1827, 1833-34 (11th Cir. 1992); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) ("When a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. In so doing, it becomes the functional equivalent of the municipality." (citations omitted)). The parties agree that as a private entity, SHP is not entitled to assert a qualified immunity defense. Therefore, under *Leatherman*, because SHP cannot raise qualified immunity as a defense, the Plaintiff need not satisfy any heightened pleading requirements when asserting § 1983 claims against it.

Appellee contends, however, that cases handed down by this court subsequent to *Leatherman* have continued to recognize a heightened pleading requirement in § 1983 actions applicable in cases involving not only individual defendants, but also entities unable to assert qualified immunity as a defense. If that were the case, we would be bound by the prior panel rule to continue to recognize a broadly applicable heightened pleading standard in § 1983 actions. Any such holding could only be corrected by the en banc court or the Supreme Court. *Smith*, 122 F.3d at 1359. But, the prior panel rule does not extend to dicta. *Tagle v. Regan*, 643 F.2d 1058, 1064

7

(5th Cir. 1981); *see also Great Lakes Dredge & Dock Co. v. Miller*, 957 F.2d 1575, 1578 (11th Cir. 1992) (dicta "is neither the law of the case nor binding precedent"). As discussed below, we find nothing in our post-*Leatherman* precedent, other than dicta, acknowledging a heightened pleading standard in a § 1983 action against a non-immune defendant.

We recognize that some of our decisions subsequent to *Leatherman* were misleading. In *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359 (11th Cir. 1998), for example, the court stated:

> [T]his circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim. Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is *particularly true* in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

132 F3d. at 1367 (emphasis added) (citations omitted). *GJR* involved four Escambia County officials' challenge of a district court order denying their motions to dismiss the plaintiff's § 1983 claims against them on qualified immunity grounds. *Id*. at 1361-64. While Escambia County, an entity not entitled to qualified immunity, had been a party in the original action in the district court, it was not a party to the appeal. *Id*. at 1361 n.1. So, the effect of *Leatherman* on our precedent was not, and could not have been, an issue on appeal. Though the language quoted above suggests that the

8

heightened pleading standard applicable in § 1983 actions is not limited to cases involving qualified immunity, any such suggestion was dicta. *GJR* only addressed the narrow question of whether the four individual defendants were improperly denied qualified immunity. *Id*. at 1365.

The other post-*Leatherman* decisions cited by the Appellee are similarly limited qualified immunity decisions involving only individual defendants. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003) (determining whether three individual defendants were entitled to qualified immunity); *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003) (determining whether six individual defendants were entitled to qualified immunity); *Dalrymple v. Reno*, 334 F.3d 991 (11th Cir. 2003) (determining only whether Attorney General Janet Reno was entitled to qualified immunity). The Defendant has not called to our attention any opinion, subsequent to *Leatherman*, applying a heightened pleading standard in a case involving defendants that could not raise qualified immunity as a defense. At least two of our post-*Leatherman* cases have in fact recognized that the heightened pleading standard is only applicable in § 1983 suits against individuals to whom qualified immunity is available. *See, e.g., Laurie v. Ala. Court of Crim. Appeals*, 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities.") (citing *GJR*,

132 F.3d at 1367-68); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials").

Under the circumstances, we are not bound by the prior panel rule to follow dicta which has specifically been rejected by the Supreme Court. *Leatherman* overturned our prior decisions to the extent that those cases required a heightened pleading standard in § 1983 actions against entities that cannot raise qualified immunity as a defense. Our post-*Leatherman* precedent does not require a different result.

## IV. CONCLUSION

We therefore REVERSE the judgment of the district court and REMAND the action so that the court may evaluate the sufficiency of the Plaintiff's second amended complaint without applying a heightened pleading standard.

REVERSED AND REMANDED.