[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16160
Non-Argument Calendar

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00019-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Jeremy Graham was convicted of possession with intent to distribute

methylenedioxymethamphetamine, better known as "Ecstasy," in violation of 21

U.S.C. § 841(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Graham to serve concurrent terms of 295 months on each count, and we affirmed his convictions and sentences. The Supreme Court vacated our judgment in this case and remanded it to us for further consideration in light of *United States v. Booker*, ___U.S.___, 125 S. Ct. 738 (2005). *See United States v. Graham*, No. 03-16160 (11th Cir. July 15, 2004) *vacated,* 125 S. Ct. 1098 (2005). We directed the parties to file supplemental briefs addressing (1) where, when, and how the *Booker* issue was first raised; (2) whether the *Booker* issue was timely raised; and (3) how the *Booker* decision applies to this case. Because we conclude that the *Booker* issue was not raised in a timely manner, we reinstate our previous opinion affirming Graham's convictions and sentences.

Graham first challenged the constitutionality of his sentence in a petition for rehearing. In that petition, Graham argued he was entitled to be resentenced by the district court. Graham based his argument on the Supreme Court's decision in *Blakely v. Washington*, ___U.S.___, 124 S. Ct. 2531 (2004), which Graham suggested invalidated the Sentencing Guidelines.

We have repeatedly held that we will not consider issues raised for the first time in a petition for rehearing. *See, e.g., United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir. 2004). Graham concedes

2

that our precedent appears to "bar review entirely." (Appellant's Supplemental Letter Brief, p. 2). Nevertheless, Graham urges us to reconsider our precedent, and accept his *Blakely/Booker* argument as timely so that we may reach the merits of his argument.

Under our prior panel rule, we are bound by the holdings of earlier panels unless they are clearly overruled *en banc* or by the Supreme Court. *See Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004). And, we have held that we will not consider issues argued for the first time in a petition for rehearing. *Levy*, 379 F.3d at 1242. By arguing that our precedent on this issue is wrongly decided, Graham has preserved his contentions for further appellate review, both in this court and in the Supreme Court. But as a panel we are bound by our precedent. Thus, we conclude that Graham's constitutional attack on his sentences, first presented in his petition for rehearing, is untimely.

Our previous decision in this case, *United States v. Graham,* No. 03-16160 (11th Cir. 2004), affirming Graham's convictions and sentences, is **REINSTATED**.