[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12617
Non-Argument Calendar

_____

D. C. Docket No. 05-80125-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WALKER,
a.k.a. Keith Taylor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2007)

Before BIRCH, BLACK and WILSON, Circuit Judges.

PER CURIAM:

James Walker appeals his sentence imposed after he pled guilty to knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Walker contends the district court erred when it classified him as a career offender because his prior conviction for battery on a law enforcement officer is not a crime of violence as defined by U.S.S.G. § 4B1.2(a). Walker further asserts his prior conviction for battery on a law enforcement officer should not be used to enhance his sentence since the prior conviction was not proven to a jury beyond a reasonable doubt nor admitted by him in his plea. The district court did not err, and we affirm.

## I. DISCUSSION

### A. *Crime of Violence*

Walker asserts his prior conviction for battery on a law enforcement officer does not necessarily involve the use or threat of use of physical force, and, consequently, the offense cannot be used to classify him as a career offender. He contends his case is analogous to *Shepard v. United States*, 125 S. Ct. 1254 (2005), as battery is defined more broadly in Florida than the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a). Walker argues that in light of *Shepard*, the district court erred by not examining the statutory definition of battery under

Florida law to determine whether it in fact constitutes a crime of violence under the Sentencing Guidelines.

We have previously held that battery on a law enforcement officer under Florida law is a crime of violence. *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005). In *Shepard*, the Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a violent felony for purposes of the ACCA where the statutory definition of burglary includes both violent and non-violent conduct. *Shepard*, 125 S. Ct. at 1263.

We have directly addressed this issue, and the district court did not err in finding battery on a law enforcement officer under Florida law is a crime of violence. Contrary to Walker's contentions, *Shepard* does not alter this conclusion, as it merely limited the types of evidence a district court may consider in determining the nature of a prior conviction. Unlike in *Shepard*, the district court in this case had to look no further than the fact of conviction to determine Walker was a career offender. Further, to the extent Walker argues we should overrule our prior decision, this argument is without merit. *See Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004) ("Under the prior panel rule, [a panel of this Court is] bound by the holdings of earlier panels unless and

3

until they clearly overturned en banc or by the Supreme Court." ). The district court did not err in finding Walker's prior conviction qualified as a crime of violence for purposes of classifying him as a career offender.

B. *Enhancement Based on Prior Conviction*

Walker also argues his prior conviction for battery on a law enforcement officer should not be used as a predicate offense for career offender purposes since the prior conviction was not proven to a jury beyond a reasonable doubt nor admitted by him in his plea. Walker acknowledges the binding precedent of *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998), but contends that *Shepard*, as recognized by recent decisions of this Court, has cast doubt on the validity of *Almendarez-Torres* and has limited the use of prior convictions to enhance a defendant's sentence.

In *Almendarez-Torres*, the Supreme Court held a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proved beyond a reasonable doubt. *Almendarez-Torres*, 118 S. Ct. 1219, 1222 (1998). We have held nothing in *Booker*[1] disturbed the Supreme Court's holding in *Almendarez-Torres*. *See United States v. Gibson*, 434 F.3d 1234, 1244-47 (11th Cir. 2006). Additionally, since *Shepard*, we have consistently held *Almendarez-*

---

[1] *United States v. Booker*, 125 S. Ct. 738 (2005).

4

*Torres* remains good law "until the Supreme Court determines that *Almendarez-Torres* is not controlling precedent." *United States v. Orduno-Mireles*, 405 F.3d 960, 963 (11th Cir.), *cert. denied*, 126 S. Ct. 233 (2005); s*ee also United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005) ("Although recent decisions, including *Shepard* . . . , may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*."). Further, we have held that after *Shepard*, district courts may determine both the existence and nature of a conviction, as "[t]here is implicit in the *Shepard* rule . . . a recognition that if the nature of the prior conviction can be determined from [the statutory definition, charging document, written plea agreement, transcript of plea colloquy, or jury instructions], under existing law the trial judge may make the determination." *United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006).

The district court did not err by enhancing Walker's sentence based on his prior conviction. We have decided this question previously and expressly held *Almendarez-Torres* remains good law. Also, Walker's contention the finding regarding his prior conviction for battery on a law enforcement officer violated

5

*Shepard* is without merit. The sentencing judge continues to make this determination, and is only limited in the evidence he may use to make this finding.

## II. CONCLUSION

The district court did not err in determining battery on a law enforcement officer is a crime of violence or in enhancing Walker's sentence based on his prior conviction. Accordingly, we affirm.

**AFFIRMED.**