[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16608
Non-Argument Calendar

_____

D. C. Docket No. 06-80677-CV-DTKH

EARL BURGEST,

Plaintiff-Appellant,

versus

RICHARD MCAFEE,
KEVIN MARKS,
SGT. MAYO,

Defendants-Appellees,

KAREN ATKINSON,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Earl Burgest appeals the dismissal of his complaint of false imprisonment and malicious prosecution against Richard McAfee, Kevin Marks, and Detective Sergeant Mayo (the "defendants"). 42 U.S.C. § 1983. The district court concluded that Burgest's complaint is time barred. We affirm.

## I. BACKGROUND

Burgest complained that McAfee, Marks, and Mayo conspired to remove a .380 caliber semiautomatic firearm from the evidence room at the West Palm Beach Police Department and planted the weapon in Burgest's vehicle on November 12, 1998. Burgest alleged that this conspiracy led to the revocation of his conditional release following his conviction for manslaughter. According to Burgest, he was released from incarceration on June 7, 2002. Burgest was also prosecuted in the United States District Court for the Southern District of Florida for possession of the weapon. Burgest was acquitted of the possession charge on January 27, 2000.

Burgest filed this action in the United States District Court for the Southern District of Florida on July 18, 2006. The defendants moved to dismiss the complaint on the ground that it was filed after the statute of limitation had expired.

The magistrate judge determined, due to the paucity of facts in the record, that the claims of false imprisonment and malicious prosecution accrued on January 27, 2000. The magistrate judge concluded that the limitation period of four years expired on January 27, 2004, and the complaint filed by Burgest on July 18, 2006, was untimely. The district court agreed and dismissed the complaint.

## II. STANDARD OF REVIEW

This Court reviews de novo a dismissal under Rule 12(b)(6) for failure to state a claim and accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Swann v. S. Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004). We also may affirm a dismissal on any ground fairly supported by the record. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.2 (11th Cir. 1998).

## III. DISCUSSION

Burgest presents two arguments on appeal. First, Burgest argues that his complaint is timely, and the limitation period was tolled while he pursued state court relief from the revocation of his probation. Second, Burgest contends that his complaint related back to a complaint that he filed in February 2006. Both arguments fail.

*A. Burgest's Complaint is Time Barred.*

The accrual date for an action under section 1983 is "governed by federal rules conforming in general to common-law tort principles." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). "Under those principles, it is 'the standard rule that accrual occurs when the plaintiff has a complete and present cause of action[,] that is, when the plaintiff can file suit and obtain relief.'" Id. (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201, 118 S. Ct. 542, 549 (1997)) (internal quotation marks omitted). An action for false imprisonment accrues when the prisoner "becomes held pursuant to [legal] process," id. at 1096, and an action for malicious prosecution accrues when the prosecution terminates in the prisoner's favor. Whiting v. Traylor, 85 F.3d 581, 585–86 (11th Cir. 1996).

Burgest's action for false imprisonment accrued first. Burgest was arrested on November 12, 1998. Although it is unclear from the record whether Burgest was arrested with or without a warrant, we give Burgest the benefit of the doubt and assume the arrest occurred without a warrant. Florida law requires that "every arrested person shall be taken before a judicial officer . . . within 24 hours of arrest," Fla. R. Crim. P. 3.130(a), so we assume that Burgest received an initial appearance on November 13, 1998, at which point his complaint for false

imprisonment accrued.  See Kato, 127 S. Ct. at 1096.  When this "legal process was initiated against him," the period of limitation began "to run."  Id.

Burgest contends that under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), his complaint for false imprisonment could not accrue until he was released from confinement based on the revocation of his probation, but the Kato Court rejected the argument that Heck affects the date of accrual.  The Kato Court explained that such a "bizarre extension" of Heck would render the date of accrual indeterminate.  127 S. Ct. at 1097–98.  The Court reasoned that tolling while the Heck bar subsisted would leave defendants without "notice to preserve beyond the normal limitations period evidence that [would] be needed for their defense."  Id. at 1098–99.

The complaint for malicious prosecution accrued more than a year after Burgest's complaint for false imprisonment accrued.  To state a cause of action for malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor.  Heck, 512 U.S. at 484, 114 S. Ct. at 2371; Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).  The district court determined that a jury acquitted Burgest of the charge of weapon possession on January 27, 2000, and that acquittal favorably terminated the criminal action against Burgest.  See Uboh, 141 F.3d at 1005 ("[C]ourts have found favorable

5

termination to exist by virtue of an acquittal[.]"). The period of limitation for Burgest's action for malicious prosecution began to run on January 27, 2000.

Neither Burgest's complaint of false imprisonment, which accrued on November 13, 1998, nor his complaint of malicious prosecution, which accrued on January 27, 2000, was timely. For both complaints of malicious prosecution and false imprisonment, federal courts borrow the statute of limitation of the forum state. Uboh, 141 F.3d at 1002. Florida applies a limitation period of four years for an action for "malicious prosecution[] . . . [or] false imprisonment[.]" Fla. Stat. Ann. § 95.11(3)(o) (West 2006). Burgest did not file his complaint until July 18, 2006, more than three years after the limitation period expired for the claim of false imprisonment and more than two years after the limitation period expired for the claim of malicious prosecution.

Burgest argues that the period of limitation should be tolled under a Florida tolling statute. See Fla. Stat. Ann. § 95.051 (West 1990). He acknowledges that the statute "does not specifically toll limitations periods for prisoners," but contends that the provision that tolls an action during "[t]he pendency of any arbitral proceeding" applies to his complaint. Id. Burgest construes the term "arbitral proceeding" to encompass his efforts in state court to obtain relief from the revocation of his probation.

6

We disagree.  Judicial proceedings are not equivalent to the arbitral process referenced in the tolling statute.  As the district court explained, Burgest was not entitled to tolling of the limitation period.

*B. Burgest's Complaint Does Not Relate Back to His Earlier Complaint.*

Burgest filed his complaint in the Southern District of Florida on July 18, 2006, but he argues that his complaint relates back to a complaint that he filed in February 2006.  This argument fails.

To qualify for the relation back doctrine, Burgest was required to establish that his complaint served as an amendment to his earlier complaint.  See Fed. R. Civ. P. 15(c).  Burgest failed to satisfy his burden.  Burgest's latest complaint is a newly filed civil action, so the relation-back doctrine does not apply.  Alternatively, even if Burgest's complaint somehow related back to his earlier complaint, his complaint would still be untimely.

## IV. CONCLUSION

The dismissal of Burgest's complaint is **AFFIRMED**.