[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15754
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00565-CV-J-32-HTS

WILLIAM HALE,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

Defendant-Appellee,

L.E. GRIFFIS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

William Hale, a Florida prisoner proceeding pro se, appeals the dismissal of some of his claims and the grant of summary judgment against him as to the remaining claims in his civil rights action, filed pursuant to 42 U.S.C. § 1983, concerning his status in close management ("CM"). In his complaint, Hale alleged that the individual defendants conspired to retaliate against his filing of grievances by retaining him in the most restrictive level of CM. Hale also alleged that the procedures for reviewing whether a prisoner should be retained in CM did not meet the minium requirements of constitutional procedural due process.

On appeal, Hale argues that the district court abused its discretion by not considering his response to one defendant's motion to dismiss. Hale also presents multiple arguments for why the district court erred when, pursuant to 42 U.S.C. § 1997e(e), the district court dismissed his complaint against the individual defendants on the basis that he could not seek certain damages because he failed to allege that he had suffered a physical injury. Hale argues that (a) we should reconsider our requirement that the physical injury should be more than de minimis; (b) he alleged that he was physically injured by asserting that he was subjected to prolonged CM confinement and substandard prison conditions; (c) his loss of gain-time was not an emotional or mental injury and, thus, § 1997e(e) did not apply to that aspect of the claim; and (d) he should be allowed to seek nominal

2

and punitive damages.[1]  Hale's final issue is that the district court erred when it found that summary judgment was appropriate because Hale could not show that he was denied due process.

## I. Hale's Second Opposition To The Motion To Dismiss

Hale argues that the district court abused its discretion by failing to consider his filed Opposition to Defendant Dementre Robinson's Motion to Dismiss.  First, one group of the defendants filed a Motion to Dismiss, which was adopted by certain other defendants.  Hale filed an Opposition to that Motion to Dismiss. After Defendant Robinson received service of the amended complaint, he also filed a Motion to Dismiss.  The district court ruled on both Motions to Dismiss before it received Hale's Opposition to Defendant Dementre Robinson's Motion to Dismiss.  Because the district court did not consider Hale's Opposition to Defendant Dementre Robinson's Motion to Dismiss, Hale contends that the district court abused its discretion.

The district court did not abuse its discretion when it did not consider Hale's Opposition to Defendant Dementre Robinson's Motion to Dismiss.  In its

---

[1]  We will not consider Hale's argument that he suffered from stigma by being placed in close management and that stigma was not an emotional or mental injury because he raises this argument for the first time on appeal.  See In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1301 (11th Cir. 2003) (stating that, in general, we do not consider arguments raised for the first time on appeal).

3

order ruling on the Motions to Dismiss, the district court cited and quoted from Hale's Opposition to the first Motion to Dismiss. In his Opposition to Defendant Dementre Robinson's Motion to Dismiss, Hale stated that "Hale can only assert that Mr. Robinsons [sic] Motion to Dismiss must be denied because of all matters previously bought [sic] in Hale's opposition as to all other defendants and claims." Therefore, because Hale did not present any new arguments in his Opposition to Defendant Dementre Robinson's Motion to Dismiss, and in fact directly relied on his first Opposition to all of the other defendants' Motion to Dismiss, the district court did not abuse its discretion in failing to consider Hale's Opposition to Defendant Dementre Robinson's Motion to Dismiss.

## II. 42 U.S.C. § 1997e(e)

We review a grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. But, issues not raised below are normally deemed waived." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (internal citation omitted). In addition, "an appellate court must

4

affirm the lower court's judgment if the result is correct even though it is based upon an improper ground." Williams v. City of Dothan, Ala., 745 F.2d 1406, 1410 (11th Cir. 1984).

A. Physical Injury Requirement

In an action pursuant to 42 U.S.C. § 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000). However, under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimis in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir. 1999), reh'g en banc granted, opinion vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part on reh'g, 216 F.3d 970 (11th Cir. 2000).

Hale asks us to overturn the requirement that a prisoner must show more than a de minimis physical injury in order to recover compensatory and punitive

damages for mental or emotional injury under § 1983. "The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997). Because neither the Supreme Court nor an en banc panel of this Court has overruled our prior precedent on this issue, our prior precedent rule takes effect and we may not reconsider our prior holding. Hale did not produce evidence that he has suffered anything more than minimal or temporary physical effects from his confinement in CM. Thus, the district court was correct to dismiss Hale's claims for compensatory and punitive damages.

B. Gain-Time

Gain-time is "time credited to reduce a prisoner's term." Douglas v. Yates, 535 F.3d 1316, 1319 (11th Cir. 2008) (quotation omitted). When a state prisoner is challenging the duration of his confinement and the relief sought is a speedier release from imprisonment, the "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). A prisoner may not seek monetary damages for the loss of gain-time in an action pursuant to 42 U.S.C. § 1983 while still imprisoned because awarding damages for a loss of gain-time would imply that the prisoner's loss of gain-time was invalid, and thus he cannot seek monetary damages for the loss of gain-time until the loss of gain-

time has been invalidated.  Edwards v. Balisok, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 1588-89 (1997) (citing Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994)).

The district court erred when it failed to recognize that the loss of gain-time is not a mental or emotional injury.  Nevertheless, Hale's claim for restoration of gain-time or monetary damages for the loss of gain-time may not proceed.  Hale's sole federal remedy for the restoration of gain-time is a federal writ of habeas corpus.  In addition, Hale may not seek monetary damages for his loss of gain-time until his loss has been invalidated because the granting of relief would imply that the length of his sentence was invalid.  Thus, we affirm the district court's dismissal of Hale's claim for restoration of gain-time or monetary damages for the loss of gain-time.

C. Nominal Damages

While § 1997e(e) precludes a prisoner from seeking compensatory or punitive damages without a prior showing of physical injury, it does not preclude a prisoner from seeking nominal damages.  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).  "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."  Hughes v. Lott, 350

7

F.3d 1157, 1162 (11th Cir. 2003). Morever, a district court may award nominal damages to remedy a First Amendment violation. Pelphrey v. Cobb County, Ga., 547 F.3d 1263, 1282 (11th Cir. 2008).

The district court erred when it found that Hale was not seeking nominal damages because it failed to construe his pro se pleadings liberally. Tannenbaum, 148 F.3d at 1263. An inmate states a First Amendment claim where he alleges he was retaliated against for filing a grievance. See Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) (reversing dismissal of retaliation claim and noting that if the appellant established on remand that he was disciplined for filing a grievance, then he would have raised a constitutional issue). The prisoner can establish retaliation by demonstrating that "the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow, 320 F.3d at 1248 (quotation omitted). Hale has alleged that prison officials retaliated against him because of his filing grievances. Thus, we partially vacate the dismissal of the complaint and remand with instructions for the district court solely to consider Hale's claim for nominal damages.

### III. Procedural Due Process

We review a district court's grant of summary judgment de novo. Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996). In making this determination, we will

view the record before the district court in the light most favorable to the non-moving party to determine if a genuine issue of material fact existed. Id. The moving party bears the initial burden of establishing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party is successful, the burden shifts to the non-moving party to come forward with evidence beyond the pleadings that demonstrates the presence of a genuine issue of material fact. Id. at 324, 106 S. Ct. at 2553.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. When determining whether a plaintiff's right to procedural due process was violated, we engage in a two-step process. See Sheley v. Dugger, 833 F.2d 1420, 1424-25 (11th Cir. 1987). First, we determine whether the plaintiff had a liberty interest at stake. Id. at 1424. Second, we determine whether the process the plaintiff received "satisfied the minimum requirements of the due process clause." Id. at 1425. In this case, the district court assumed that Hale had a liberty interest in being free from unjustified retention in CM. Accordingly, we assume, without deciding, the same.

When determining whether a plaintiff was denied due process, we apply "a

three-part balancing test in which we weigh the private interests at stake in a governmental decision, the governmental interests involved, and the value of procedural requirements." Sheley, 833 F.2d at 1426 (quotation omitted). Hale challenges his retention in CM. With regard to a prisoner being retained in administrative segregation, we have previously noted that in Hewitt v. Helms, 459 U.S. 460, 477 n.9, 103 S. Ct. 864, 874 n.9 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, the Supreme Court alluded in dicta to the type of process required:

> Prison officials must engaged in some sort of periodic review of the confinement of such inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner – which will have been ascertained when determining to confine the inmate to administrative segregation – and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

Sheley, 833 F.2d at 1426. Based on the standards described above, Hale cannot show that the procedures used during CM review fell below the minimum required for constitutional procedural due process. Therefore, we affirm the district court's grant of summary judgment on Hale's due process claim.

## IV. Conclusion

For the reasons described above, we affirm in part, and vacate and remand

in part for proceedings consistent with this opinion.


AFFIRMED IN PART, VACATED AND REMANDED IN PART