**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12729

Non-Argument Calendar

_____

TAMIKA SEAY,

*Plaintiff-Appellant,*

*versus*

ANDREA JO ANNE DAVID VEGA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-mi-00083-LMM

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Tamika Seay, proceeding pro se, appeals from the district court's order dismissing as frivolous her complaint under 42 U.S.C. § 1983 alleging violations of her rights arising out of a state child

custody proceeding and denying as moot her motion for leave to proceed in forma pauperis ("IFP"). She argues that the district court clearly erred in its factual findings, erred as a matter of law, violated her constitutional rights, and erred in concluding that David Vega would be entitled to prosecutorial immunity.

We have described the appropriate standard of review to apply to a dismissal under a filing restriction as having "some ambiguity" but stated that dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Similarly, we review a district court's imposition of a filing injunction and whether to grant further leave to amend a complaint for abuse of discretion but review de novo whether granting leave to amend would be futile. *Id.* at 1096 (filing injunction imposition); *Pinnacle Advertising and Marketing Group, Inc. v. Pinnacle Advertising and Marketing Group, LLC*, 7 F.4th 989, 999–1000 (11th Cir. 2021) (granting leave to amend); *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020) (reviewing whether granting leave to amend was futile de novo). A district court abuses its discretion when "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004)).

We hold pro se pleadings to a less-strict standard than counseled pleadings and liberally construe them. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). However, this leniency does not give the court "'license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004)). "We may affirm 'on any ground that is supported by the record.'" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting *United States v. Elmes*, 532 F.3d 1138, 1142 (11th Cir. 2008)).

A party fails to adequately present an issue on appeal when she does not plainly and prominently raise it, for instance by devoting a discrete section of her argument to that claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Further, an appellant abandons an issue when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Id.* An issue can also be abandoned if passing references appear in the argument section of the opening brief, particularly if the references operate as "'background' to the appellant's main arguments or when they are 'buried' within those arguments." *Id.* at 682 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003), *abrogated in part on other grounds by, Rehaif v. United States*, 588 U.S. 225 (2019)). "While we read briefs filed by *pro se* litigants liberally, issues not

briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted). Further, an argument "raised for the first time on appeal" is deemed forfeited if it was not presented in the district court, except under special circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

The "domestic-relations exception," which excludes certain matters from the federal courts' jurisdiction, "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The exception should be assessed on a claim-by-claim basis rather than based on the case as a whole. *See Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988) (affirming district court's decision to apply the exception to claim to modify child support decree, but not to § 1983 due-process claim for declaratory relief).

The *Rooker-Feldman*[1] doctrine is a "limited" and "clearly narrow" doctrine, which removes federal jurisdiction over state-court losers filing suit in federal court for effectively appellate review of a state court decision. *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024) (quoting *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021)), *cert. denied*, 145 S. Ct. 1958 (2025).

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

Regarding the ability to seek federal review of a state conviction, we have recognized § 1983 claims and requests for habeas relief under 28 U.S.C. § 2254 as "'mutually exclusive' avenues for relief," and stated that "the line of demarcation between them 'is based on the effect of the claim on the inmate's conviction and/or sentence.'" *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 865 (11th Cir. 2017) (quoting *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006)).

Prosecutors are absolutely immune from liability for damages for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that a state prosecutor who initiates a prosecution and presents the state's case is immune from civil suit for damages under § 1983). Courts use a functional approach to determine whether an individual is entitled to prosecutorial immunity, which "looks to the nature of the function performed, not to the identity of the person who performed it." *Hart v. Hodges*, 587 F.3d 1288, 1294–95 (11th Cir. 2009).

Section 1915 of Title 28 authorizes federal courts to allow civil and criminal litigation to proceed without prepayment of fees. 28 U.S.C. § 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing § 1915(d), now recodified at § 1915(e)). Both prisoners and non-prisoners may file for IFP status under § 1915 and can have their complaints screened for dismissal under § 1915(e). 28 U.S.C. § 1915(a), (e); *see also Brown v. Johnson*, 387 F.3d 1344, 1347 (11th

Cir. 2004) (stating that "section 1915(e)(2)(B)(ii) . . . directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint 'fails to state a claim on which relief may be granted'").

The federal IFP statute is intended to provide indigent litigants with "meaningful access to the federal courts." *Neitzke*, 490 U.S. at 324. But "meaningful access" does not mean unlimited access, and federal courts are required to dismiss complaints filed IFP if the plaintiff's poverty allegations are untrue, or if the plaintiff's complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Frivolity review is intended "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits." *Neitzke*, 490 U.S. at 327. A district court will consider a claim to be frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In other words, the complaint will be properly dismissed as frivolous if it has a small or non-existent chance of success. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Section 1983 provides a cause of action for a plaintiff deprived of a federal right under color of state law. 42 U.S.C. § 1983. To succeed on a malicious prosecution claim in a § 1983 action, the plaintiff must show "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004), *abrogated on other grounds by*, *Washington v. Howard*, 25 F.4th 891 (11th Cir. 2022)). Common law malicious prosecution requires: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* (quoting *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003)).

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1070, 1073 (11th Cir. 1986) (en banc). Courts have a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. *Id.* at 1074. This protection can come in various forms, including pre-filing injunctions. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993). Considerable discretion necessarily is reposed in the district court when it drafts such orders. *Procup*, 792 F.2d at 1074.

In devising methods to "attain the objective of curtailing" vexatious litigation, courts must "carefully observe the fine line between legitimate restraints and an impermissible restriction on" the right to access the courts. *Procup*, 792 F.2d at 1072. One limitation on pre-filing injunctions that are designed to protect against abusive and vexatious litigation is that they cannot completely foreclose a litigant from accessing the courts. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). We listed limiting the number of filings and a "limitation of further pleadings without order of court, after the complaint has been filed" as examples of restrictions courts had placed on vexatious litigants. *Procup*, 792 F.2d at 1073.

In *Cofield v. Alabama Pub. Service Comm'n*, 936 F.2d 512, 513–14 (11th Cir. 1991), we considered an order requiring an overly litigious prisoner, who had brought 105 suits against various prison officials, as well as McDonald's, Burger King, and Coca-Cola, to pay full filing fees and seek prefiling approval of any complaints or papers. *Id.* We held that requiring pre-filing screening of claims allowed for sufficient access to the courts, but it did not affirm the filing fee provision because, by prospectively denying IFP status for all claims by requiring fulling payment of filing fees, the district court "could be prospectively shutting the courthouse door." *Id.* at 517–19.

Generally, a plaintiff proceeding pro se must receive at least one opportunity to amend the complaint if she might be able to

state a claim by doing so before the district court dismisses a complaint with prejudice. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (noting that in some situations, further leniency—or "an extra dose of grace"—may be warranted "in recognition of the difficulty in proceeding *pro se*"). A district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *Peterson*, 982 F.3d at 1332. "In other words, the question is whether 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Id.* (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)).

Here, we conclude that the district court did not abuse its discretion in dismissing the complaint as frivolous under the previously imposed filing restriction. While the district court's reasoning was brief, it correctly concluded that Seay's complaint was frivolous, as she failed to allege sufficient facts to state a plausible claim for relief. Nor did the district court abuse its discretion in not sua sponte granting Seay leave to amend her complaint because such a grant would have been futile and conflicted with its prior filing restriction.

**AFFIRMED.**